Filed 4/17/25  P. v. Saenz CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083122 |
| v. | (Super.Ct.No. INF1600281) |
| JUAN MANUEL SAENZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.  Affirmed.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Juan Manuel Saenz appeals from the trial court's order finding him ineligible for recall of his sentence and resentencing under Penal Code

1

section 1172.75.[1]  The trial court entered its order after determining one-year enhanced terms under section 667.5, subdivision (b), for defendant's two prior prison commitments remained stayed, neither having been executed since defendant was originally sentenced four years earlier.  We affirm the court's ruling.

## BACKGROUND

In May 2019, under the terms of his plea agreement, defendant pled guilty to making a criminal threat (§ 422), assault likely to cause great bodily injury (§ 245), and possession of heroin in county jail (§ 4573.6).  Defendant also admitted two prior prison commitments.  (§ 667, subd. (b).)  Consistent with defendant's plea terms, the trial court sentenced defendant to an aggregate prison term of four years eight months.  As relevant here, the court imposed but stayed execution of one-year enhanced terms for each of defendant's prison priors.

In December 2023 the trial court considered defendant's eligibility for recall of his sentence and resentencing under section 1172.75.  The court found he was ineligible.

Defendant's case was one of dozens considered together that day by stipulation of the parties, pursuant to which the court operated under the assumption that each defendant's "one-year prior state prison enhancement(s) had been 'stayed.' "

In reaching the conclusion defendant was ineligible for relief, the court noted expressly that it had considered several recently decided cases:  *People v. Saldana* (2023) 97 Cal.App.5th 1270 (*Saldana*), review granted March 12, 2024, S283547; *People v.*

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

*Christianson* (2023) 97 Cal.App.5th 300, review granted Feb. 21, 2024, S283189 (*Christianson*); *People v. Rhodius* (2023) 97 Cal.App.5th 38 (*Rhodius*), review granted February 21, 2024, S283169; and *People v. Renteria* (2023) 96 Cal.App.5th 1276.

Defendant's petition was not heard or reported separately, but the parties stipulated to incorporate into defendant's court file the reporter's transcript and other relevant documents from the lead case heard that day. In that case, the defendant's original sentencing court had stayed execution of his penalty enhancement or enhancements imposed under section 667.5, subdivision (b). In denying the defendant resentencing relief under section 1172.75, as it likewise did for defendant here, the trial court concluded the Legislature intended resentencing relief for enhanced terms imposed for prison priors to extend *only* to "anyone . . . serving time on them." The court reiterated later in the hearing that "what the Legislature was after" in enacting section 1172.75 was to provide a recall and resentencing mechanism for inmates "serving additional time based on the[ir] prison priors."

## DISCUSSION

Defendant contends he is entitled to recall of his sentence and resentencing under section 1172.75 despite the stay on enhanced penalty terms for his prison priors. The stay has never been lifted. We conclude the trial court did not err in finding defendant ineligible for resentencing under the statute.

At the time of defendant's conviction and sentencing, "section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and

3

had not remained free of custody for at least five years." (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681.) Subsequently, section 1172.75 now provides, with an exception that is not applicable here: "Any sentence enhancement that was *imposed* prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5 . . . is legally invalid." (§ 1172.75, subd. (a), italics added.[2]) Disagreement over what constitutes "imposed" within the meaning of the statute still divides appellate panels, as we note briefly *post*.

Section 1172.75 further provides, as pertinent here, for recall and resentencing on conditional terms, namely: "*If*" the superior court in which the defendant was sentenced "determines that the [defendant's] *current* judgment includes an enhancement described in subdivision (a)." (§ 1172.75, subd. (c), italics added; see *id.*, subd. (b) [specifying sentencing court as recall and resentencing venue].) Additionally, the statute specifies that for defendants eligible for recall and resentencing, their resentencing "shall result in," "*as a result of the elimination of the repealed enhancement*," "a lesser sentence than the one originally imposed . . . , unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1), italics added.[3])

---

[2] The exception specifies that only prior prison enhancements "for a prior conviction for a sexually violent offense" remain valid. (§ 1172.75, subd. (a).)

[3] This subdivision, without our italics, quotation marks, and ellipses inserted for clarity, provides in full: "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).)

We conclude defendant is ineligible for resentencing under section 1172.75 because his prison prior enhancement terms have remained stayed since his original sentencing.  Simply put, we agree with *Rhodius*, *supra*, 97 Cal.App.5th 38 that the critical term "imposed" in subdivision (a) of section 1172.75 "must be interpreted as shorthand for 'impos[ed] and execut[ed].' "  (*Rhodius*, at p. 43; see *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125 [recognizing "the word 'impose[d]' " refers "often" to "enhancements that are 'imposed and then executed' "].)  *Rhodius* reached this conclusion to make sense of codified language the Legislature chose in enacting the statute but, similarly, uncodified provisions equally chosen in the statute's preamble require the same conclusion.

Of particular note in the statute's codified provisions, *Rhodius* examined the requirement in section 1172.75, subdivision (d)(1), that resentencing must result in "a *lesser* sentence than the one originally imposed as a result of the elimination of the repealed enhancement."  (*Rhodius*, *supra*, 97 Cal.App.5th at p. 43, some italics omitted.)  Reasoning that "[t]he only way for the repealed enhancement to have increased the length of a sentence is for the enhancement to have been imposed and executed," *Rhodius* concluded that applying section 1172.75 to a stayed prior prison term would require a resentencing court to "arbitrarily lower" the defendant's sentence in a way unrelated to the enhancement in order to comply with the statute's "lesser sentence" requirement.  (*Rhodius*, at p. 44.)  Because the Legislature presumably must not have intended arbitrary sentence reductions to meet this requirement, *Rhodius* held section 1172.75 must be

5

interpreted to apply only to prior prison enhancement terms that were imposed and executed.  (*Rhodius*, at p. 44.)

Similarly, in the uncodified preamble to the statute, the Legislature stated its intent expressly in a way incompatible with relief for stayed prison priors:  "it is the intent of the Legislature to retroactively apply [new limitations on prior prison term enhancements] to all persons *currently serving a term of incarceration in jail or prison for these repealed sentence enhancements*."  (Stats. 2021, ch. 728, § 1, italics added.)  A defendant who had his or her punishment on a prior prison enhancement stayed at sentencing is not serving a term of incarceration in jail or prison for that enhancement, so the Legislature manifestly did not intend to provide retroactive relief to those defendants.

Other appellate panels—one before *Rhodius* and the others relying on *Christianson* after *Rhodius* was decided—have held that section 1172.75 applies to prior prison term enhancements that were imposed but stayed.  (See *People v. Renteria*, *supra*, 96 Cal.App.5th 1276; see also *Christianson*, *supra*, 97 Cal.App.5th 300; *Saldana*, *supra*, 97 Cal.App.5th 1270; *People v. Mayberry* (2024) 102 Cal.App.5th 665 (*Mayberry*), review granted Aug. 14, 2024, S285853.)  All of these decisions since and including *Rhodius* remain under review, as the high court considers the issue.

In brief, *Christianson*, *Saldana*, and *Mayberry* disagreed with *Rhodius* because they viewed striking a stayed enhancement upon resentencing as resulting in a "lesser" sentence in compliance with section 1172.75, subdivision (d)(1).  As *Christianson* explained, this view is grounded in a stayed enhancement's "potential for an increased sentence" because "the trial court retains the ability to lift the stay and impose the term

6

under certain circumstance[s], such as if an alternately imposed term is invalidated." (*Christianson*, *supra*, 97 Cal.App.5th at p. 312.) Under this interpretation, striking a stayed enhancement reduces the defendant's sentence because it eliminates the risk that the enhancement will be executed in the future. (*Ibid*.; see also *Saldana*, at p. 1278; *Mayberry*, at pp. 674-675 ["Imposed-but-stayed prior prison term enhancements carry the possibility of execution," and striking them "eliminates their impact"].)

We do not agree with this rationale. It does not account for the uncodified preamble to section 1172.75 stating the Legislature's contrary intent. Likewise, the statute's codified language requiring a lesser sentence is better reconciled with an actual reduction in "time served" as the enactment's goal, as reflected throughout section 1172.75's legislative history. (See *Rhodius*, *supra*, 97 Cal.App.5th at pp. 46-48 [identifying numerous such instances].) *Rhodius* summarized that history as follows: "The findings, costs, and ramifications of Senate Bill 136 and Senate Bill 483 cited during the legislative sessions presuppose inmates who are serving additional time as a result of the sentencing enhancement under section 667.5(b). The references to financial and familial burdens do not logically follow if a defendant is not actually serving additional time as the result of an imposed and executed sentence associated with a section 667.5(b) prior. As such, to interpret the statute to include enhancements that were imposed and stayed would be contrary to the legislative intent and the plain language of the statute." (*Rhodius*, at pp. 48-49; see also *id.* at p. 47 [the foregoing history reflects "a clear presupposition by the Legislature of an imposed and executed sentence"].)

7

Defendant cites, without discussion, the decision by a divided panel in *People v. Espino* (2024) 104 Cal.App.5th 188 (*Espino*), review granted Oct. 23, 2024, S286987. The majority in *Espino* saw no reason to distinguish between prison prior enhancements that were imposed but stayed and those that were imposed but the punishment struck. (*Id*. at p. 193 ["section 1172.75 should be interpreted to apply whenever a prison prior was imposed, whether punishment was executed, stayed, or struck"].)

The dissent in *Espino*, however, found the "additive character of the term of imprisonment . . . integral to imposition of a sentence enhancement," such that "when the law otherwise prescribes an additional term of imprisonment, a trial court that elects to strike that additional term of imprisonment has not imposed it—not even conditionally, as would be the case when a court elects to stay the additional term." (*Espino*, *supra*, 104 Cal.App.5th at p. 203 (dis. opn. of Lie, J.).) The dissent also echoes *Rhodius*'s concern that the Legislature presumably did not intend to force resentencing courts to arbitrarily lower sentences, noting that "eliminating an enhancement for which the court had already stricken the punishment" does not, by itself, result in a lesser sentence. (*Espino*, at p. 203, fn. 2 (dis. opn. of Lie, J.).) The majority opinion does not address these issues, which contravene both *Rhodius*'s and *Christianson*'s analyses of section 1172.75. On balance, we find the *Espino* dissent more persuasive than the majority opinion.

For all of these reasons, the trial court did not err in finding defendant ineligible for recall of his sentence and resentencing under section 1172.75.

**DISPOSITION**

The trial court's order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.